IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.     19-cr-00186-REB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ERIK GERARDO MORALES-CORRAL,

       Defendant.

---

**UNOPPOSED MOTION FOR 45-DAY ENDS OF JUSTICE CONTINUANCE
AND EXTENSION OF PRETRIAL MOTIONS DEADLINE**

---

ERIK GERARDO MORALES-CORRAL, by and through the Office of the Federal Public Defender, and undersigned counsel Jennifer Beck, hereby moves this Honorable Court for a 45-day ends of justice continuance of the trial date and deadline for filing pretrial motions, and to exclude 45 days from the speedy trial clock, pursuant to 18 U.S.C. § 3161(h)(7)(A). This is Mr. Morales-Corral's first motion for a continuance and extension of deadline. As grounds he states as follows:

**I.   Statement of relevant facts.**

1.   On April 5, 2019, Erik Gerardo Morales-Corral was charged by complaint in a two-count indictment, alleging Illegal Reentry and Alien in Possession of a Firearm. Doc. 1. Mr. Morales-Corral was arrested and appeared in court on April 10, 2019. Docs. 5-6. The government filed an indictment on April 18, 2019 and Mr. Morales-Corral was arraigned on April 24, 2019. Docs. 13, 16 respectively. At that time, the 70-day date was calculated by Magistrate Judge Neureiter to be June 27, 2019. Doc. 17. The government's discovery deadline

was determined to be April 30, 2019. *Id.* Pretrial motions are due to be filed today, May 9, 2019. Doc. 18. Trial in this case is set for June 24, 2019. *Id.*

2.   Undersigned counsel received limited discovery from the government on May 3, 2019, after the discovery deadline set by Magistrate Neureiter. However, the discovery received by undersigned counsel only includes discovery related to the illegal reentry charge, not the alien in possession charge. The complaint, Doc. 1, details events that are not referenced in the disclosed discovery. Undersigned counsel spoke with AUSA McIntyre, who admitted that there is additional discovery that has not yet been disclosed. That discovery reportedly includes video evidence, photographs, and police reports detailing Mr. Morales-Corral's alleged possession of firearms, his arrest, and his post-Miranda statements about his possession of firearms. Counsel has already reviewed the received discovery with Mr. Morales-Corral, but counsel has not been able to review the yet-undisclosed discovery.

3.   Assistant U.S. Attorney Daniel McIntyre does not oppose this request.

## II.   The ends of justice served by a 45-day continuance outweigh the interests in a speedy trial.

4.   Mr. Morales-Corral moves for a 45-day continuance of the trial in this case, extension of the deadline to file motions, and exclusion of time pursuant to 18 U.S.C. § 3161(h)(7).

5.   Under Subsection (h)(7) of the Speedy Trial Act, the Court is to exclude from computation "[a]ny period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether or not to make such a finding, the Court is to consider the following factors that are applicable in this

case: (1) whether the failure to grant the continuance would "result in a miscarriage of justice," and (2) whether – considering the case as a whole – the failure to grant the continuance would "deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B).

6. Additionally, the Tenth Circuit looks to a number of factors when reviewing an order on a motion for continuance, which provide direction to a trial court as to how to develop a sufficient record when reviewing a motion to continue. These factors include:

> the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and] the need asserted for the continuance and the harm that [the defendant] might suffer as a result of the district court's denial of the continuance.

*United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987); *see also United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009) ("[T]he record . . . must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time."); *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007) ("[T]he trial court must make explicit findings regarding why granting the continuance will strike a proper balance between the ends of justice and the best interest of the public and the defendant in a speedy trial." (Internal quotation marks and citation omitted)).

7. In this case, defense counsel has acted diligently since appearing in this case. As discussed above, the 45-day continuance request is calculated to allow defense counsel to be able to review undisclosed discovery and to provide timely advice to Mr. Morales-Corral about the pros and cons of filing any motions and regarding the wisdom of going to trial. It is defense counsel's educated estimate of the minimum amount of time that will be required for these tasks.

8.      If the requested continuance is denied, however, the motions deadline will pass without Mr. Morales-Corral being able to make an informed decision about whether or not to file any motions and he may be forced to decide whether to go to trial, and in fact go to trial, without effective assistance of counsel.

9.      The prosecution does not oppose this request.  Nor does there appear to be any risk in this case as to further spoliation of evidence or other similar harm to the interests of the public, resulting from the requested 45-day continuance.

10.     These facts support a finding that a 45-day continuance strikes a proper balance between the ends of justice and the best interest of the public and Mr. Morales-Corral in a speedy trial.

WHEREFORE, Erik Gerardo Morales-Corral, by and through counsel, moves for a 45-day ends of justice continuance of trial and to extend the deadline for filing pretrial motions.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Jennifer Beck
JENNIFER BECK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Jennifer_Beck@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Daniel McIntyre, AUSA
Email: Daniel.McIntyre@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Erik Gerardo Morales-Corral		(via Mail)

s/ Jennifer Beck
JENNIFER BECK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Jennifer_Beck@fd.org
Attorney for Defendant